### In re John A. BURGESS

[725 A.2d 302]

No. 88-055

January 14, 1999. This bar discipline matter came before the Court for hearing on December 16, 1998 pursuant to Rule 8(E) of Administrative Order 9. Present were bar counsel William M. Dorsch and the respondent, who appeared pro se. Bar counsel asks the Court to disbar respondent as recommended by the committee appointed by the Court to investigate the formal presentment complaint filed by the Office of the Attorney General. Respondent, whose license to practice law in this jurisdiction has been under suspension since 1988, contends that reinstatement as an attorney on a probationary basis is the appropriate disposition given the long history of this matter.

A brief summary of the committee's findings is as follows: Respondent's suspension stems from his 1988 federal convictions in California on charges of contempt, interstate transportation of stolen property and fraud. Following approximately three years of incarceration, respondent violated his probation in 1992 and was again incarcerated. Although his probation prohibited him from practicing law, respondent accepted a job with a California law firm and ultimately defrauded the firm by misappropriating funds and using a firm credit card for personal expenses. As a result of the probation violation, respondent was again incarcerated from September 1992 to September 1994. On January 13, 1997, despite being under suspension as a Vermont attorney, respondent applied for an attorney position with a legal services agency in this state.

In urging us to reinstate rather than to disbar him, respondent contends that disbarment would be inappropriately harsh because he is 62 years old and has already been under suspension for a decade. However, the applicable rule provides that an attorney who has been suspended

> shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency, and learning required for

admission to practice law in this state, and the resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest and that the respondent-attorney has been rehabilitated.

A.O. 9, § 20(D). Respondent has not met this burden. The committee found that he offered no evidence to aid it "in better understanding the causes" of the conduct at issue nor any evidence "that such circumstances, whether internal or external, have been addressed in a way that would make less likely the potential for a recurrence of this behavior." Respondent does not challenge this finding here.

We recognize that disbarment will add at least five years to the period in which respondent is prohibited from practicing law. Given the gravity of conduct in issue, and the absence of anything in the record to suggest it will not recur, we believe disbarment is the appropriate sanction. Accordingly, we adopt the recommendation of the committee.

Therefore, it is hereby ordered that respondent John A. Burgess is disbarred from the office of attorney and counsellor at law.